## KEROES v. WEAVER.

EVICTION OF TENANT; DAMAGES; EVIDENCE; INSTRUCTIONS.

1. In an action of trespass to recover damages for injury to plaintiff's goods by unlawfully removing them from his store, where the goods so damaged have been redelivered to the plaintiff and sold at auction, it is not error to refuse to permit the introduction of entries in the auctioneer's book as evidence of the amount received at the auction sale, where the clerk who produces the book has not made such entries, and has no personal knowledge of the amount received at the sale, and where he has already been permitted to testify as to the amount accounted for by the auctioneer to the plaintiff.

2. Where, in an action of trespass to recover damages for injury to plaintiff's goods by unlawfully removing them from his store, it appears that the goods before such removal were worth $8,000, and that after such removal the uninjured goods were worth $500, and that a sale of a part of the injured goods realized about $200, it is not error to refuse to instruct the jury that the measure of damages is the difference in value of the goods at the time of their removal and at the time of their redelivery to the plaintiff, for the ruling may well have been refused on account of the insufficiency of the evidence to enable the jury to make such a comparison,—especially where the court instructs the jury that they must find for the plaintiff, and may award him the actual damages sustained by him as a result of the eviction.

No. 1635. Submitted February 21, 1906. Decided April 10, 1906.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia upon the verdict of a jury in an action of trespass.          *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Charles A. Keigwin* and *Mr. Hayden Johnson* for the appellant.

*Mr. A. A. Birney* and *Mr. Henry F. Woodard* for the appellees.

Mr. Justice McComas delivered the opinion of the Court:

This is an action of trespass instituted by Jacob Keroes, appellant, against John L. Weaver and Charles H. Weaver, appellees. The appellant occupied and carried on his business as a merchant tailor in one of the storerooms of James H. Rowland, who owned a building standing at 14th and G streets, where the Commercial National Bank is located. The appellees were Rowland's agents for the collection of his rents. In January, 1904, the appellant was a tenant from month to month for the storeroom mentioned. On January 26th the appellees served notice to appellant to quit on March 15th following. The appellant remained therein. The appellees brought suit for possession before a justice of the peace and obtained judgment on March 29th. The appellant appealed and perfected his appeal to the supreme court of the District of Columbia. During the night of April 1st, the appellees broke and entered the premises occupied by the appellant, and removed from the storeroom all of his goods, consisting of suits of clothes, cloths, and fixtures, and placed them in a warehouse, and on the next day notified the appellant of their whereabouts.

At the trial of this action of trespass the appellant offered evidence that his stock had been damaged by reckless packing, and by dust and mortar in the boxes. There was a verdict and judgment for $300 for the appellant. The appellant appealed, and assigns as error that the court refused to allow the appellant to show the amount of money received for the quantity of his damaged goods sold at auction.

At the trial the court ruled that the jury should find that the appellees were guilty of trespass in disturbing the appellant's possession, and therefore their verdict should be for the appellant. The appellant testified that the value of his stock was $8,000 and that after the trespass and removal of his goods the uninjured goods fit for use were worth about $500, and testified that he had sold in July, 1904, thirteen suits which

before removal were worth $580, to a dealer for $116.25, and that sum was a fair price in the condition in which they were delivered to the purchaser. The appellant further testified that he sent to the auction house about 200 yards of woolen goods which had been removed and damaged in removal, which goods had cost him from $3 to $5 per yard, and the auction house had sold them upon the appellant's account. He had stated the amount the goods brought at auction but this testimony, upon objection, was stricken out. The clerk of the auction house produced a book which, as he testified, contained the record of the appellant's goods sold and the price obtained therefor. The appellant offered this record in the book, and offered the entries therein to show the jury the amount he had received from the auction sales. The court excluded the book and the record of the sales therein. To this the appellant excepted. It appears that the witness was permitted to testify that $72 was the sum total of this sale for which the auction house had accounted to the appellant. It does not appear that the clerk who presented the book had made the entries, nor that he had personal knowledge of the amount of the sale of the appellant's goods at his auction house, but it seems, as we have said, that he was permitted to testify to the fact of the amount of sales, when he told the jury the amount for which the auction house accounted to the appellant. The appellant was not prejudiced by the court's action, therefore, and we find no reversible error in the exclusion we have discussed.

We need not consider whether or not the amount of the auction sale is competent evidence of the value of the goods, because the fact was substantially before the jury. It does not appear that the court erred in refusing to let the clerk testify to the amount of the book entries of the sale, because it does not appear that the clerk had such knowledge as enabled him to refresh his memory from the entries, and he was permitted to testify without the book to the same effect.

It is urged that the court erred in refusing to instruct the jury that the plaintiff was entitled to recover from the defendant such actual damage as they may find from the evidence the plaintiff sustained on account of injury done to his stock

in consequence of the eviction, and in further refusing to instruct the jury, in estimating the damages, to consider "the difference in value of said goods at the time of their seizure and removal and at the time of their redelivery to the plaintiff."

The record shows that the appellant testified his stock was worth $8,000, and the value of the uninjured goods was not more than $500. There was very little evidence as to the value of the uninjured goods. The auction sale of several hundred yards of cloth, injured by removal, was given to the jury in the form we have stated. If other cloths were injured, and to what extent, was not told the jury. It was in evidence that 13 suits worth $580 before the eviction were sold in the summer after the eviction for $116.25. What other garments were injured, and to what extent they were injured, does not appear. So far as the record shows, the fixtures and tools of the merchant tailor were uninjured.

We cannot say that the court erred in refusing the otherwise proper comparison of the difference in value at the time of their removal and at the time of their redelivery, for we assume the appellant's prayer meant a comparison between the value of the goods before the eviction and the value of the goods at the time of their redelivery to the appellant. The evidence on behalf of the appellant stated the value of all the goods at the time of their removal, and that the uninjured goods were worth $500. In respect to the injured goods, appellant gave evidence tending to show that, after redelivery to the appellant, the value of a part was ascertained by the sale of 13 suits of clothes and about 200 yards of cloth. If, before removal, the cloths uncut and the garments made up were believed by the jury, with the fixtures, to be worth $8,000, and $500 worth of the goods only were uninjured, then only a small part of the injured goods, and the value thereof as ascertained by the sale of them, was submitted to the jury to consider,—too small a part to enable the jury to make a comparison of the value of all the goods before the removal with the value of all the injured goods after the removal. We should not reverse this judgment because the court refused to tell the jury to make the comparison, because the evidence was so defective that the ruling asked by the ap-

pellant may well have been refused on account of the insuffi-
ciency of the evidence to enable the jury to make such compari-
son, and may have been refused for that reason.    The court
did instruct the jury that they must find for the appellant, and
that they might award him the actual damages sustained by
him from the injury to his stock and furniture as the result of
the eviction; and also that they may find punitive damages if
they found that the appellees evicted the tenant with bad in-
tent and in pursuance of an unlawful purpose fraudulently
to take possession of the property.    In its oral instruction the
court told the jury they should find from the evidence how much
money would compensate him for the injury done to his goods,
if they found any injury had been done in packing and carry-
ing them away,—that is, how much damage appellant suffered;
and, among the many elements to be considered, the court re-
minded the jury that the appellant had a large stock, and that
they should consider the size and value of the stock and the
character of the injury done to it, and, as men of good judg-
ment, to consider that matter in ascertaining the amount of
damages the evidence warranted them in giving.

The appellant's counsel rightly contends that the instructions
of the court might have been more helpful in guiding the jury,
and insists that the small verdict shows the error of the court's
ruling,—especially in rejecting the prayer we have mentioned.
But, since we think the evidence recited in the bill of exceptions
was too meager to invite a jury to make comparative estimates
of value at the different times mentioned in the instruction
asked, we are not satisfied that the instruction actually given
was insufficient.    The instruction might have been improved,
but the case was so simple that the instruction given sufficed to
enable the jury to compensate the appellant by their verdict
for all injuries to the appellant's goods which happened to
them by reason of the unlawful eviction of the appellant by the
appellee.    We are not convinced that, under the circumstances,
there was reversible error.

This judgment must be affirmed with costs, and it is so or-
dered.                                        *Affirmed.*